CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
The plaintiff, an electrical subcontractor, instituted the present suit to recover the sum of $2,171, which represents the remaining balance due under a contract to renovate and repair the fire damaged electrical system in the Franklin Avenue Baptist Church in the City of New Orleans. Plaintiff named as defendants, the general contractor, Gene Cass, Inc. (Cass), its bonding surety, National Surety Corporation (National), and the Franklin Avenue Baptist Church (Church). Defendant, National, pled the exception of prescription. After hearing the pleadings, evidence, and argument of counsel, the trial court overruled the exception of prescription and granted judgment against National in the full amount of the plaintiff’s demand.
Being aggrieved by that judgment, National perfected a suspensive appeal to this court.
We reverse.
The relevant facts of the case are as follows :
The Church was extensively damaged by fire and Cass was hired to reconstruct the building. Cass contracted with the plaintiff to perform all the necessary electrical work. • The total cost for this work was $17,200, all of which the plaintiff received save the amount sued upon.
The dedication services of the Church, after the fire which had made the renovation necessary, were held on November 19, 1967. Sometime prior to that date electrical power had been restored to the building. On January 5, 1968, an acceptance of the contract of restoration was recorded in the mortgage records of the Parish of Orleans. On March 11, 1968 an electrical coil in the emergency electrical system was installed and. the final electrical inspection by the City of New Orleans was made on that day. Plaintiff filed this suit on March 11, 1969, exactly one year from the date of the final electrical inspection.
This electrical coil, installed in the magnetic transfer switch, makes the emergency electrical system operable. In accordance with LSA-R.S. 40:1584, subd. E(2) such an emergency electrical system is required in a church seating over 200 persons before a final electrical permit can be issued.
«* * *
“E. Where exit illumination is required in the following, two sources of current *770 will not be required. Outlets shall be on a separate circuit and the current supply to this circuit shall be from a point located ahead of the main switch.
ct * * * _
“(2) Churches seating over two hundred persons and used for religious purposes only.”
Defendant bases its defense on the statutory provisions of LSA-R.S. 9:4814, subd. B and 9:4802.1 which provide as follows:
LSA-R.S. 9 :4814, subd. B:
“Before any suit is instituted against the surety prior to the registry by the owner of his acceptance of the work, or of the notice of default, such claimant shall record his claim as provided in R.S. 9:4802, and shall serve a copy of the said claim, in the form and in the manner prescribed in R.S. 9:4802, on both the owner and the surety and provided that no suit shall be filed against the surety until thirty days after such service. Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor. When claimants shall not have preserved their privileges and shall afterwards bring a direct action against the surety, they shall have priority as between themselves after payment of all recorded claims against the balance for which the surety is liable in the order of the filing of their respective suits.”
LSA-R.S. 9:4802.1:
“Whenever any contract for the repair, reconstruction, erection, construction of improvement of any work or immovable property is entered into in accordance with the provisions of R.S. 9:4802, the owner may have recorded in the office of the Clerk of Court or the recorder of mortgages of the parish where work is executed an acceptance of said work, or of any specified area either on completion of the work accepted, or, at its discretion, upon substantial completion of the work or of any specified area thereof, upon recommendation of the architect or engineer of the owner. ‘Substantial completion’ is defined for the purposes of this Chapter, as the finishing of construction, in accordance with contract documents as modified by any change orders agreed to by the parties, to the extent that the owner can use or occupy the works or use or occupy the specified area of the works for the use for which it was intended. The recordation of an acceptance with the provisions of this Section upon substantial completion shall be effective as an acceptance for all purposes under this Chapter.”
Defendant contends that on January 5, 1968, the date of the filing of the acceptance of the work performed, prescription started to run and that under R.S. 9:4814, subd. B, plaintiffs cause of action prescribed one year from that date. He further contends that if the evidence does not show that the building was 100 per cent completed on January 5, 1968, it was at least “substantially complete” within the meaning of R.S. 9:4802.1. We agree.
Plaintiff contends that the building was not “substantially complete” within the meaning of 9:4802.1 until March 11, 1968 when the coil was installed and the final electrical inspection was made by the City of New Orleans. He bases this contention on the provisions of R.S. 40:1584, subd. E(2) and contends that without satisfying this statutory requirement, the building would not have passed the electrical inspection necessary for occupancy. He testified that as an electrical contractor he had the authority and did receive a temporary permit to turn on the electricity to check out the system. He admits that the parishioners had been using the church since November of 1967 but contends that the electricity was connected only by virtue of the temporary permit for the purpose of checking the electrical work. Had the Fire Marshal known that the Church was being occupied for religious purposes during this time, he would have ordered the *771 electricity shut off until a final inspection was performed. Plaintiff further testified that he had had to order this coil. The day after he received the coil he installed it and had the City of New Orleans inspect the wiring for a final permit that same day. He therefore contends that the building was not even “substantially complete” within the meaning of 9:4802.1 until March 11, 1968. We disagree.
There is evidence in the record that the price, on this coil was insignificant (between $6.00 and $10.00). The installation of this device was far from a substantial portion of the electrical work done on the building, its purpose was insignificant. The mere fact that the coil was necessary to the lawful use of the premises is inconsequential. We find that the Church was substantially complete within the meaning of R.S. 9:4802.1 on January S, 1968 and that the plaintiff’s suit was not timely filed on March 11, 1969.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment maintaining the plea of prescription and dismissing plaintiff’s, Elton J. LeBlanc’s, suit against the defendant, National Surety Corporation; all costs to be paid by plaintiff, Elton J. LeBlanc.
Reversed.